F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 3 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01073-BNB

LEONARDO RAMOS,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## ORDER OVERRULING OBJECTION

---

This matter is before the Court on three documents submitted to and filed with the Court *pro se* by Plaintiff, Leonard Ramos. The documents are titled "Objection to Magistrate [Judge]'s Orders Issued June 8th 2011" (ECF No. 8), filed June 23, 2011; "Motion to Quash Order to Cure Deficiencies of April 29th 2011" (ECF No. 9), filed July 11, 2011; and "Motion Requesting Second Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011" (ECF No. 10), filed July 11, 2011. Attached to the motion for extension of time is Plaintiff's proposed seventy-six-page draft of the amended complaint he intends to file. The Court directs Mr. Ramos's attention to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The Court must construe Mr. Ramos's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court will construe the "Objection to Magistrate [Judge]'s Orders Issued June 8th 2011" (ECF No. 8) and "Motion to

Quash Order to Cure Deficiencies of April 29th 2011" (ECF No. 9) liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated below, the objection will be overruled.

Pursuant to § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

In his motion to reconsider, Mr. Ramos objects to Magistrate Judge Boyd N. Boland's order of April 29, 2011, requiring him to cure deficiencies. Magistrate Judge Boland previously addressed Mr. Ramos's objections in his minute order of June 8, 2011, to which Mr. Ramos also objects. Magistrate Boland's orders of April 29 and June 8 are neither clearly erroneous nor contrary to law. Therefore, Mr. Ramos's liberally construed objection will be overruled.

Accordingly, it is

ORDERED that the documents titled "Objection to Magistrate [Judge]'s Orders Issued June 8th 2011" (ECF No. 8) and "Motion to Quash Order to Cure Deficiencies of April 29th 2011" (ECF No. 9) that Plaintiff, Leonardo Ramos, submitted to and filed with the Court *pro se* on June 23 and July 11, 2001, respectively, are construed liberally as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A), and the objection is overruled. It is

FURTHER ORDERED that the "Motion Requesting Second Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011" (ECF No. 10), filed July 11, 2011, is granted. Plaintiff will be allowed **thirty (30) days from the date of this order** in which to cure the designated deficiencies. This is the final extension of time Plaintiff will be granted. It is

2

FURTHER ORDERED that Plaintiff is directed to cease filing motions objecting to the Court's April 29 and June 8 orders to cure deficiencies.  Any future motions will not be addressed.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __13th__ day of ___July_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01073-BNB

Leonardo Ramos
PO Box 849
Barranquitas, PR 00794

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk