**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01073-BNB

LEONARDO RAMOS,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

This matter is before the Court on the documents titled "Motion to Reconsider Order Overruling Objection of July 13th 2011'" (ECF No. 12), "Motion of Recusal of All Judges in the District of Colorado for the Specific Matter of the Claim of Unconstitutionality of Local Rule 8.1" (ECF No. 13), "Motion Requesting Third Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011" (ECF No. 14), "Notice of Claim of Unconstitutionality of Local Rule 8.1" (ECF No. 15), and "Motion of Recusal of Senior Judge Lewis T[.] Babcock" (ECF No. 16) that Plaintiff, Leonard Ramos, submitted to and filed with the Court *pro se*.

The Court must construe Mr. Ramos's filings liberally because he is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110.

The Court first will address Mr. Ramos's motions for recusal. The Court will consider the motions pursuant to both 28 U.S.C. § 144 and 28 U.S.C. § 455.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. **See Green v. Branson**, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." **Hinman v. Rogers**, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. **See Glass v. Pfeffer**, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." **United States v. Burger**, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. **See Liljeberg v. Health Servs. Acquisition Corp.**, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." **Glass**, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. **See United States v. Cooley**, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Ramos fails to submit a timely and sufficient affidavit of personal bias and

prejudice and he fails to make any argument that would demonstrate an appearance of partiality. The fact that the Court has entered orders with which Mr. Ramos disagrees is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the motions to recuse (ECF Nos. 13 and 16) will be denied.

The Court next will summarize the filings in this case. On April 22, 2011, Mr. Ramos filed a complaint (ECF No. 1) and a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 2). On April 29, 2011, Magistrate Judge Boland entered an order (ECF No. 3) requiring him to cure certain deficiencies in the case. On June 2, 2011, Mr. Ramos moved to waive D.C.COLO.LCivR 8.1 concerning pro se pleadings (ECF No. 4), requested an extension of time in which to comply with the April 29 order to cure (ECF No. 5), and filed a motion for leave to comply with 28 U.S.C. § 1746 in lieu of the notary requirement for his *in forma pauperis* motion (ECF No. 6). On June 8, 2011, Magistrate Judge Boland entered a minute order (ECF No. 7) denying the motion to waive D.C.COLO.LCivR 8.1, granting him a thirty-day extension of time in which to cure the designated deficiencies, and denying the motion for leave to comply with § 1746.

On June 23, 2011, Mr. Ramos filed an objection (ECF No. 8) to the June 8 minute order. On July 11, 2011, he filed a motion to quash (ECF No. 9) the April 29 order to cure and a second motion (ECF No. 10) for extension of time to cure the deficiencies designated in the April 29 order. On July 13, 2011, the Court entered an order (ECF No. 11), which liberally construed the June 23 objection and July 11 motion to quash as objections filed pursuant to 28 U.S.C. § 636(b)(1)(A) and, *inter alia*,

overruled the objections and granted Mr. Ramos another thirty-day extension in which to cure the designated deficiencies.

Mr. Ramos subsequently filed the four motions and the notice (ECF Nos. 12-16) currently before the Court. The Court next will address the "Motion to Reconsider Order Overruling Objection of July 13th 2011'" (ECF No. 12).

To the extent Mr. Ramos seeks reconsideration of the July 13 order denying him leave to comply with § 1746 in lieu of the notary requirement for his *in forma pauperis* motion, reconsideration will be granted. Given that Mr. Ramos resides in a commonwealth of the United States and his declaration substantially complies with § 1746(2), the motion for leave to proceed *in forma pauperis* will be granted. To the extent he seeks reconsideration of the remainder of the July 13 order, reconsideration will be granted only to the extent that Mr. Ramos will be allowed one final opportunity to comply with the remaining deficiency, i.e., his failure to file his complaint on the proper, Court-approved form.

The "Motion Requesting Third Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011" (ECF No. 14) will be granted for twenty days only. The Court again directs Mr. Ramos's attention to the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure in filing his amended complaint and to the Local Rules of Practice for this Court, which are available at www.cod.uscourts.gov. As to the "Notice of Claim of Unconstitutionality of Local Rule 8.1" (ECF No. 15), the June 8 minute order already informed Mr. Ramos that D.C.COLO.LCivR 8.1A. requires that "[a] pro se party shall use the forms established by the court."

Accordingly, it is

ORDERED that the "Motion of Recusal of All Judges in the District of Colorado

4

for the Specific Matter of the Claim of Unconstitutionality of Local Rule 8.1" (ECF No. 13) and "Motion of Recusal of Senior Judge Lewis T[.] Babcock" (ECF No. 16) that Plaintiff, Leonard Ramos, submitted to and filed with the Court *pro se* by Plaintiff, Leonardo Ramos, are denied. It is

FURTHER ORDERED that the "Motion to Reconsider Order Overruling Objection of July 13th 2011'" (ECF No. 12) is granted only to the extent Mr. Ramos seeks reconsideration of the July 13, 2011, order denying him leave to comply with 28 U.S.C. § 1746 in lieu of the notary requirement for his *in forma pauperis* motion and to the extent he seeks one final opportunity to comply with the remaining deficiency, i.e., his failure to file his complaint on the proper, Court-approved form. It is

FURTHER ORDERED that the motion for leave to proceed *in forma pauperis* (ECF No. 2) is granted. It is

FURTHER ORDERED that the "Motion Requesting Third Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011" (ECF No. 14) is granted for **twenty (20)** days only. It is

FURTHER ORDERED that the "Notice of Claim of Unconstitutionality of Local Rule 8.1" (ECF No. 15) will not be further addressed because the June 8 minute order already informed Mr. Ramos that D.C.COLO.LCivR 8.1A. requires that "[a] pro se party shall use the forms established by the court." It is

ORDERED that Mr. Ramos file an amended complaint on the proper, Court-approved form **within twenty (20) days from the date of this order**. It is

FURTHER ORDERED that Mr. Ramos shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the only proper filing at this time is Mr. Ramos's

5

amended complaint on the proper, Court-approved form. It is

FURTHER ORDERED that, if Mr. Ramos fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this __25th__ day of ___August_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01073-BNB

Leonardo Ramos
PO Box 849
Barranquitas, PR 00794

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 25, 2011.

                                   GREGORY C. LANGHAM, CLERK

                By: _____
                               Deputy Clerk