IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01073-BNB

LEONARDO RAMOS-HERNANDEZ, also known as
LEONARD RAMOS, and
ALL PERSONS SIMILARY [sic] SITUATED, AND AS NEXT FRIEND OF ALL MALE
ACTIVE DUTY SERVICEMEN IN THE U.S. NAVY

     Plaintiff,

v.

UNITED STATES OF AMERICA,
ANDREW TOMBLEY, an individual,
POINT OF ENTRY SUPERVISOR DOE, an individual,
TWO UNKNOWN CUSTOMS AGENTS, individuals,
DOES 1-50, individuals or corporations,
DOES 1-50, individuals,
POINT AGENT DOE, an individual,
SECONDARY INSPECTION AGENT DOE, an individual,
BIOMETRICS AGENT DOE, an individual,
CHECKPOINT SUPERVISOR DOE, an individual,
DOES 101-150, individuals,
ROSA LOPEZ, an individual,
RYAN STARKEY, an individual,
SSAFO SUPERVISOR DOE, an individual,
DOES 151-200, individuals,
DOES 201-250, individuals,
CDR VELEZ, an individual,
CAPT[.] KEELLY, an individual,
ABECS LOCKWOOD, an individual,
KENNETH ROYALS, an individual,
ALFREDO ZABALA JR., an individual,
M. RAMOS, an individual,
V. MARTÍNEZ,
STONE, an individual,
DOES 251-300, an individual,

     Defendants.

ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Leonardo Ramos-Hernandez, filed **pro se** on September 7, 2011, a motion titled "Motion to Partially Reconsider Order of August 25th 2011 and Certification of Questions for Appeal" (ECF No. 18) asking the Court to reconsider and vacate in part the August 25 order.  See ECF No. 17.  The Court must construe the motion to reconsider liberally because Mr. Ramos-Hernandez is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion to reconsider will be denied.

Although Mr. Ramos-Hernandez does not identify the procedural basis for his motion for reconsideration, the Court will treat it as filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure because no final judgment or order has been entered in the instant action.  Fed. R. Civ. P. 54(b) provides, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b)

While Rule 54(b) does not address the standards a Court should apply when assessing a motion to modify an interlocutory order, courts look to the standards under Fed. R. Civ. P. 59(e) and 60(b) for guidance.  **See Alexander v. California Dep't of Corr.**, No. 08-cv-2773 MCE KHN P, 2010 WL 4006362, at *1 (E.D. Cal. Oct. 12, 2010) (unpublished).  A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." **Phelps v. Hamilton**, 122 F.3d 1309, 1324

(10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  **See id**.  Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Ramos-Hernandez fails to demonstrate under either standard some reason why the Court should reconsider and vacate the August 25 order.  The motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Partially Reconsider Order of August 25th 2011 and Certification of Questions for Appeal" (ECF No. 18) that Plaintiff, Leonardo Ramos-Hernandez, filed **pro se** on September 7, 2011, and which the Court has treated as a motion pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this  9th  day of   November  , 2011.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court