IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01073-BNB

LEONARDO RAMOS-HERNANDEZ, also known as
LEONARD RAMOS, and
ALL PERSONS SIMILARY [sic] SITUATED, AND AS NEXT FRIEND OF ALL MALE
ACTIVE DUTY SERVICEMEN IN THE U.S. NAVY

     Plaintiff,

v.

UNITED STATES OF AMERICA,
ANDREW TOMBLEY, an individual,
POINT OF ENTRY SUPERVISOR DOE, an individual,
TWO UNKNOWN CUSTOMS AGENTS, individuals,
DOES 1-50, individuals or corporations,
DOES 1-50, individuals,
POINT AGENT DOE, an individual,
SECONDARY INSPECTION AGENT DOE, an individual,
BIOMETRICS AGENT DOE, an individual,
CHECKPOINT SUPERVISOR DOE, an individual,
DOES 101-150, individuals,
ROSA LOPEZ, an individual,
RYAN STARKEY, an individual,
SSAFO SUPERVISOR DOE, an individual,
DOES 151-200, individuals,
DOES 201-250, individuals,
CDR VELEZ, an individual,
CAPT[.] KEELLY, an individual,
ABECS LOCKWOOD, an individual,
KENNETH ROYALS, an individual,
ALFREDO ZABALA JR., an individual,
M. RAMOS, an individual,
V. MARTÍNEZ,
STONE, an individual,
DOES 251-300, an individual,

     Defendants.

ORDER GRANTING MOTION FOR EXTENSION OF TIME,
DENYING MOTIONS TO SEAL AND STRIKE, AND
DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, Leonardo Ramos-Hernandez, who filed his original complaint in the name of Leonard Ramos, has filed **pro se** a 106-page amended complaint with 49 claims. **See** ECF No. 19. He has failed to use the proper, Court-approved complaint form for an amended complaint as directed in the order dated August 25, 2011. **See** ECF No. 17. Mr. Ramos is suing 25 Defendants and has requested service by the United States Marshal Service, but has failed to provide the address for any Defendant.

Because he filed the amended complaint electronically after the Court's filing deadline, Mr. Ramos-Hernandez also filed a motion titled "Motion Requesting Fourth Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011 Under ECF Rule 5.2(c)." **See** ECF No. 20. The motion will be granted.

The Court must construe Mr. Ramos-Hernandez's filings liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110.

Mr. Ramos-Hernandez purports to bring his amended complaint as a class action, asserting claims which he apparently believes stem from the attacks on the World Trade Center on September 11, 2001 (9/11). For example, in the amended complaint, Mr. Ramos-Hernandez challenges his temporary detention on May 18, 2009, at a border patrol checkpoint. He also challenges the confiscation of a testosterone drug he obtained in Mexico pursuant to a Mexican prescription, **see** ECF No. 19 at 21 ¶ 103, 28 ¶ 137, and which he alleges he attempted to bring into the United States. In addition, Mr. Ramos-Hernandez complains about his forty-five minute detention at the checkpoint for biometrics testing, during which his keys and driver's license temporarily

were confiscated. *See* ECF No. 19 at 42-44. He apparently views 9/11 as the proximate cause for the border patrol checkpoint procedures.

Mr. Ramos-Hernandez further complains about a conspiracy by the 1-50 John Doe Defendants to cover up an allegedly pre-planned implosive demolition of the twin towers of the World Trade Center on 9/11, which he maintains was an "inside job" and resulted in the post-9/11 policies to which he believes he was subjected at the border patrol checkpoint. *See* ECF No. 19 at 9 ¶ 8, 14 ¶ 49, 19 ¶ 88. In support of his conspiracy theory, Mr. Ramos-Hernandez attaches to the amended complaint 11 pages of allegedly "Historically Significant Photos," including blueprints, concerning the 9/11 attacks. He also demands a forensic investigation of the collapse of the World Trade Center and contends that he has standing to pursue this claim because, as a consequence of the attack on the World Trade Center towers, his right to family unity has been violated, his property has been confiscated, and because he served in the United States Navy during the 9/11 attacks. *See* ECF No. 19 at 69 ¶¶ 375-377.

Mr. Ramos-Hernandez makes an unrelated claim in which he complains about his inability to obtain Social Security numbers for his step-daughter, spouse, and goddaughter. He alleges he needs the Social Security numbers in order to apply for economic stimulus benefits. *See* ECF No. 19 at 54-55.

Mr. Ramos-Hernandez makes other, unrelated claims, including that the United States Citizenship and Immigration Service returned the petition for family unification he attempted to file for his alien wife, and also denied his request for a fee waiver, *see* ECF No. 19 at 64 ¶ 351; the Clerk of the United States Supreme Court refused to accept for filing his petition for writ of mandamus, *see* ECF No. 19 at 74 ¶ 387; Defendant CDR

Velez removed him in 2002 from Air Traffic Control School, and he filed 138 complaints under the Uniform Code of Military Justice for redress of grievances, *see* ECF No. 19 at 75 ¶¶ 395-396; the Veteran's Administration never made a decision on his 2003 claim for service-connected injuries, *see* ECF No. 19 at 76 ¶ 402; and the Naval Recruiting Command would not renegotiate his re-enlistment until he complied with its grooming standard for hair length. *See* ECF No. 19 at 96 ¶¶ 502, 505. Mr. Ramos-Hernandez also asserts a claim that Rule 8.1A of the of the Local Rules of Practice for this Court, which requires that "[a] pro se party shall use the forms established by this court to file an action," is unconstitutional and violates his equal protection rights. *See* ECF No. 19 at 100 ¶ 522.

Before addressing the substance of the complaint, the Court first will address the two remaining pending motions Mr. Ramos-Hernandez has filed.

### I. Motion to Seal

Mr. Ramos-Hernandez submitted on September 22, 2011, a document titled "Motion to File Exhibit B Mexican Prescription, CBP Receipt Under Seal." *See* ECF No. 21. He also submitted a document initially sealed by the Clerk of the Court. *See* ECF No. 23. For the reasons stated below, the motion to seal will be denied.

A judicial officer may order that all or a portion of papers and documents filed in a case be sealed upon a showing of compelling reasons. *See* D.C.COLO.LCivR 7.2A.1. At a minimum, a motion to seal must describe:

1.  the nature of the material or proceeding at issue;

2.  the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought;

>   3. the clearly defined and serious injury that would result if the relief sought is not granted; and
>
>   4. why a less restrictive alternative to the relief sought is not practicable or would not adequately protect the interest in question (e.g. redaction, summarization, limited sealing of exhibits or portions of exhibits).

D.C.COLO.LCivR 7.2C.

"Courts have long recognized a common-law right of access to judicial records." **Mann v. Boatright**, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing **Nixon v. Warner Commc'ns, Inc.**, 435 U.S. 589, 597 (1978)).  This right of access "is an important aspect of the overriding concern with preserving the integrity of the . . . judicial process[]."  **United States v. Hickey**, 767 F.2d 705, 708 (10th Cir. 1985).  However, the right of access is not absolute.  **See Mann**, 477 F.3d at 1149.  "Thus a court, in its discretion, may seal documents if the public's right of access is outweighed by competing interests."  **Hickey**, 767 F.2d at 708 (quotation marks omitted).  Of course, "[t]he party seeking to overcome the presumption [of access] bears the burden of showing some significant interest that outweighs the presumption."  **Mann**, 477 F.3d at 1149 (quotation marks omitted).  In deciding whether specific documents should be sealed, "[t]he court must consider the relevant facts and circumstances of the particular case and weigh the relative interests of the parties."  **Hickey**, 767 F.2d at 708.

In the motion to seal, Mr. Ramos-Hernandez alleges that the sealed document is a Mexican prescription, is integral to the amended complaint, isrelevant to claims one through nine only, and should be disclosed only to the United States, Andrew Tombley, and Point of Entry Supervisor Doe.

Mr. Ramos-Hernandez has failed to comply with D.C.COLO.LCivR 7.2A.1.  He

5

has failed to describe the nature of the material or proceeding at issue or the private interest that, when weighed against the qualified right or presumption of public access to court files and proceedings, warrants the relief sought. In addition, he fails to comply with the local rule by demonstrating what, if any, clearly defined and serious injury would result if the relief sought is not granted. Therefore, the Court finds that Mr. Ramos-Hernandez has failed to demonstrate a compelling reason to grant the motion to seal. The motion to seal will be denied. The Clerk of the Court will be directed to unseal the document docketed as ECF No. 23.

## II.  Motion to Strike

Mr. Ramos-Hernandez also submitted on September 22, 2011, a document titled "Motion to Strike Proposed Amended Complaint [ECF 10-1]." *See* ECF No. 22. He asks to strike the proposed seventy-six page draft of the amended complaint that he filed on July 11, 2011, as an attachment to his second motion for extension of time. *See* ECF No. 10, ex. 1. The motion to strike will be denied.

## III.  Venue

It is not clear that venue in this Court is proper. Under 28 U.S.C. § 1391, the statute that provides for venue, paragraph (b) states that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Mr. Ramos-Hernandez does not allege that any Defendant resides in the District of

Colorado, that a substantial part of the events or omissions giving rise to his claims occurred in the District of Colorado, or a substantial part of the property that is the subject of the action is situated in the District of Colorado.  In fact, it is not apparent why Mr. Ramos-Hernandez initiated this action in the District of Colorado.  Therefore, in the second and final amended complaint he will be directed to file, Mr. Ramos-Hernandez must assert in a clear and concise manner any reason venue is proper in this Court.

IV.  Joinder of Defendants

Mr. Ramos-Hernandez appears to have improperly combined into one action separate and unrelated claims against various Defendants.  Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  However, the issue of whether multiple Defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Having reviewed the amended complaint, the Court finds that Mr. Ramos-Hernandez's claims appear to be asserted against misjoined parties.  For example, claims one through seven and nine arising out of his temporary detention of May 18, 2009, at a border patrol checkpoint are the only claims asserted against Mr. Tombley,

Point of Entry Supervisor Doe, Does 1-50, and Does 51-100.  Similarly, his twenty-sixth claim asserted against William K. Suter, Clerk of the United States Supreme Court, for his alleged refusal to accept for filing Plaintiff's petition for writ of mandamus, is the only claim asserted against that Defendant.  The Defendants in claims one through seven and nine and the Defendant in claim twenty-six are not properly joined in one action with each other or with the Defendants in Mr. Ramos-Hernandez's remaining claims because no right to relief is asserted against all of these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.  Therefore, it appears that Mr. Ramos-Hernandez improperly has combined what should be separate lawsuits into one action.

Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  **George v. Smith**, 507 F.3d 605, 607 (7th Cir. 2007).  In addition, the Court will not permit Mr. Ramos-Hernandez to avoid the filing fee payment requirements of the Prisoner Litigation Reform Act by allowing him to combine separate and unrelated lawsuits into one action.

However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.  Instead, "'[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.'" **Nasious v. City and County of Denver**, 415 F. App'x 877, 881 (10th Cir. 2011) (quoting **DirecTV, Inc., v. Leto**, 467 F.3d 842, 845 (3d Cir. 2006)).

In the second and final amended complaint he will be directed to file, Mr. Ramos-

Hernandez must comply with Fed. R. Civ. P. 20(a)(2).  If Mr. Ramos-Hernandez wishes to pursue all of his claims and the claims against the misjoined parties are severed into separate lawsuits, Mr. Ramos-Hernandez will be directed and required to pay the entire $350.00 filing fee in each of the severed actions.

### V.  Use of the Court-Approved Complaint Form

Mr. Ramos-Hernandez persists in refusing to use the Court-approved complaint form when directed to do so and insists that D.C.COLO.LCivR 8.1A., which requires that "[a] pro se party shall use the forms established by this court to file an action," is unconstitutional.  The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) has repeatedly upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, however, and has rejected constitutional challenges to such rules.  **See Georgacarakos v. Watts**, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), **Durham v. Lappin**, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); **Kosterow v. United States Marshal's Serv.**, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); **Young v. United States**, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's pro se civil rights complaint without prejudice to his ability to refile, based on his repeated

9

refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); **Maunz v. Denver District Court**, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); **Daily v. Municipality of Adams County**, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring pro se prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

For the second and final amended complaint he will be directed to file, Mr. Ramos-Hernandez must use the Court-approved complaint form.

### VI.  Fed. R. Civ. P. 8 Pleading Requirements

Mr. Ramos-Hernandez's amended complaint also fails to comply with the pleading requirements of Fed. R. Civ. P. 8.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Ramos-Hernandez to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  ***Nasious v. Two Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Ramos-Hernandez fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The amended complaint is verbose, repetitive, and vague.  Mr. Ramos-Hernandez fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  ***New Home Appliance Ctr., Inc. v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957).  As a result, the Court finds that the amended complaint is unnecessarily wordy.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  ***Id.***

Mr. Ramos-Hernandez will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8.  Mr. Ramos-Hernandez is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

In the second and final amended complaint he will be directed to file, Mr. Ramos-Hernandez may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Ramos-Hernandez uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Ramos-Hernandez, therefore, will be directed to file a second and final amended complaint that is filed on the Court-approved complaint form, asserts his claims clearly and concisely, alleges what rights were violated, provides specific facts demonstrating each defendant's involvement in the asserted claims, asserts in a clear and concise manner the reason or reasons why venue is proper in this Court, and properly joins defendants. Failure to do so within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that the motion titled "Motion Requesting Fourth Extension of Time to Comply With Order to Cure Deficiency of April 29th 2011 Under ECF Rule 5.2(c)" (ECF No. 20) is granted. It is

FURTHER ORDERED that the "Motion to File Exhibit B Mexican Prescription, CBP Receipt Under Seal" (ECF No. 21) is denied. It is

FURTHER ORDERED that the Clerk of the Court shall unseal the document docketed as ECF No. 23. It is

FURTHER ORDERED that the "Motion to Strike Proposed Amended Complaint [ECF 10-1]" (ECF No. 22) is denied. It is

FURTHER ORDERED that Plaintiff, Leonardo Ramos-Hernandez, file **within thirty days from the date of this order**, a second and final amended complaint that

complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order.  It is

FURTHER ORDERED that Mr. Ramos-Hernandez is required to use the Court-approved Complaint form, and shall obtain the form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that the only proper filing in response to this order is a second and final amended complaint.  Any other filings will be stricken.  It is

FURTHER ORDERED that, if Mr. Ramos-Hernandez fails to comply with this order within the time allowed, the amended complaint and the action will be dismissed without further notice

DATED November 10, 2011, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge