IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01073-BNB

LEONARDO RAMOS-HERNANDEZ, also known as
LEONARDO RAMOS, and
ALL PERSONS SIMILARY [sic] SITUATED, AND AS NEXT FRIEND OF ALL MALE
ACTIVE DUTY SERVICEMEN IN THE U.S. NAVY

    Plaintiff,

v.

UNITED STATES OF AMERICA,
ANDREW TOMBLEY, an individual,
POINT OF ENTRY SUPERVISOR DOE, an individual,
TWO UNKNOWN CUSTOMS AGENTS, individuals,
DOES 1-50, individuals or corporations,
DOES 1-50, individuals,
POINT AGENT DOE, an individual,
SECONDARY INSPECTION AGENT DOE, an individual,
BIOMETRICS AGENT DOE, an individual,
CHECKPOINT SUPERVISOR DOE, an individual,
DOES 101-150, individuals,
ROSA LOPEZ, an individual,
RYAN STARKEY, an individual,
SSAFO SUPERVISOR DOE, an individual,
DOES 151-200, individuals,
DOES 201-250, individuals,
CDR VELEZ, an individual,
CAPT[.] KEELLY, an individual,
ABECS LOCKWOOD, an individual,
KENNETH ROYALS, an individual,
ALFREDO ZABALA JR., an individual,
M. RAMOS, an individual,
V. MARTÍNEZ,
STONE, an individual,
DOES 251-300, an individual,

    Defendants.

ORDER OF DISMISSAL

On November 10, 2011, Magistrate Judge Boyd N. Boland entered an order

(ECF No. 25) directing Plaintiff, Leonardo Ramos-Hernandez, to file within thirty days a second and final amended complaint that clarified any reason venue pursuant to 28 U.S.C. § 1391 is proper in this Court, complied with the joinder requirements of Rule 20(a)(2) and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and used the Court-approved complaint form as required by D.C.COLO.LCivR 8.1A and the law of the United States Court of Appeals for the Tenth Circuit (Tenth Circuit).  Magistrate Judge Boland warned Plaintiff that if he failed to comply with the November 10 order within the time allowed the amended complaint and the action would be dismissed without further notice.  On December 16, 2011, Magistrate Judge Boland granted Plaintiff an additional thirty days in which to file the second and final amended complaint.  *See* ECF No. 33.

In the interim, on December 12, 2011, Mr. Ramos-Hernandez filed a notice of appeal (ECF No. 28) with the Tenth Circuit.  Mr. Ramos-Hernandez appealed from the order of August 25, 2011 (ECF No. 17), which denied his motions for my recusal (ECF No. 16) and for the recusal of all judges in the District of Colorado on the issue of the unconstitutionality of Local Rule 8.1 (ECF No. 13).  On December 16, 2011, the Tenth Circuit administratively closed the appeal as opened in error and transmitted the notice of appeal to the United States Court of Appeals for the Federal Circuit (Federal Circuit).  *See* ECF No. 34.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990).  However, courts of appeals generally have no jurisdiction to review

district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291.  *Stewart*, 915 F.2d at 574.

Mr. Ramos-Hernandez may not appeal from the August 25 order (ECF No. 17) because it is not a final order under § 1291 or 28 U.S.C. § 1295, which establishes the exclusive jurisdiction of the Federal Circuit.  The jurisdiction of the federal circuit courts ordinarily extends only to the final judgments of the federal district courts.  *U.S. v. Magnesium Corp. of America*, 616 F.3d 1129, 1135 (10th Cir. 2010) (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)).  In addition, the August 25 order is not an interlocutory order reviewable by the Federal Circuit pursuant to 28 U.S.C. § 1292(c) and (d).  Furthermore, although not specifically requested by Mr. Ramos-Hernandez, the Court will not certify the August 25 order in this action for an interlocutory appeal because the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion.  *See* 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case."  *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976).  "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture."  *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972).  Because Mr. Ramos-Hernandez may not appeal from the August 25 order, the Court will ignore the notice of appeal and proceed with the case.

Mr. Ramos-Hernandez has failed, within the time allowed, to file a second and final amended complaint as directed.  Therefore, the amended complaint and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Ramos-Hernandez files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint (ECF No. 19) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Leonardo Ramos-Hernandez, within the time allowed, to comply with the order of November 10, 2011 (ECF No. 25), to file a second and final amended complaint.  It is

FURTHER ORDERED that any pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  25th  day of     January     , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court